Singh v. Holder

BIA
Reichenberg, IJ
A096 200 156

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 26th day of January, two thousand eleven.

PRESENT:

> JON O. NEWMAN,
> REENA RAGGI,
> DENNY CHIN,
> > *Circuit Judges*.

_____

GURJIT SINGH,
> *Petitioner*,

> v.

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent*.

_____

09-5233-ag
NAC

FOR PETITIONER:     Jaspreet Singh, Jackson Heights, New York.

FOR RESPONDENT:     Tony West, Assistant Attorney General; William C. Peachey, Assistant Director; Daniel E. Goldman, Senior Litigation Counsel,

**Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Gurjit Singh, a native and citizen of India, seeks review of a November 20, 2009 decision of the BIA affirming the July 31, 2007 decision of Immigration Judge ("IJ") Margaret R. Reichenberg denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Gurjit Singh*, No. A096 200 156 (B.I.A. Nov. 20, 2009), *aff'g* No. A096 200 156 (Immig. Ct. N.Y.C. July 31, 2007). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We need not address the IJ's pretermission of Singh's asylum application as untimely because the BIA assumed that Singh's asylum application was timely filed. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). Accordingly, the only issue before us for review is the agency's adverse credibility determination. Under the circumstances of this

2

case, we review the IJ's adverse credibility determination including portions not explicitly discussed by the BIA.  *See Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66, 167 (2d Cir. 2008).

The IJ's adverse credibility determination is supported by substantial evidence. *See* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin,* 534 F.3d at 167.  First, we defer to the IJ's finding that Singh did not appear to testify from personal experience but rather from information that he had memorized.  *See Dong Gao v. BIA*, 482 F.3d 122, 126-27 (2d Cir. 2007); *see also Majidi v. Gonzales*, 430 F.3d 77, 81 n.1 (2d Cir. 2005).  Second, the IJ reasonably concluded that Singh's testimony about his detentions was vague and lacked detail due to Singh's inability, despite repeated questioning, clearly to specify not only the number of people who beat him but any injuries that resulted from his treatment in detention.  *See Jin Shui Qiu v. Ashcroft*, 329 F.3d 140, 152 (2d Cir. 2003).  Third, the IJ did not err in finding the account of Singh's entry into the United States to be implausible because that finding was based on record

3

evidence "viewed in the light of common sense and ordinary experience." *Siewe v. Gonzales*, 480 F.3d 160, 169 (2d Cir. 2007).

In addition, the IJ reasonably found that Singh failed to provide reasonably available corroborating evidence to rehabilitate his questionable testimony. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). The IJ reasonably questioned the veracity of letters submitted by Amrik Singh and Lakhvir Singh because their form and content were "virtually identical." *See Surinder Singh v. BIA*, 438 F.3d 145, 148 (2d Cir. 2006). Further, the IJ reasonably noted the lack of corroborating details in the letters Singh submitted and that his wife had not provided a letter to corroborate his claim. *See Biao Yang*, 496 F.3d at 273.

Finally, the IJ did not err in finding that the fact that the head of the local Mann party and Singh's family remained unharmed in Singh's village in India diminished his contention that he would face persecution in the future. *See Melgar de Torres v. Reno*, 191 F.3d 307, 313 (2d Cir. 1999).

In sum, the agency reasonably determined that Singh failed credibly to demonstrate past persecution, a well-

4

founded fear of persecution, or a clear probability of future persecution. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167. Accordingly, the agency did not err in denying Singh's applications for asylum, withholding of removal, and CAT relief. *See Paul v. Gonzales*, 444 F.3d 148, 155-56 (2d Cir. 2006); *see also Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir. 2005).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk